UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　CASE NO. 8:09-cr-248-T-23TGW
　　　　　　　　　　　　　　　　　　　　　　8:18-cv-977-T-23TGW
NEY AYBAR
_____/

**O R D E R**

　　　Aybar's paper (Doc. 1), entitled "Motion for Sentence Reduction Pursuant to U.S.C. 3582(c)(2)(1)(A)(I) [*sic*] and 4205(G) As. 5050.49 [*sic*] also Section 5H1.4 USSG and the Fair Sentencing Act of 2011," is construed as a motion under 28 U.S.C. § 2255 (Doc. 1) to vacate. Aybar was convicted of conspiring to distribute and to possess with the intent to distribute five kilograms or more of cocaine, for which he is imprisoned for 131 months. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v.*

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*). Aybar's motion is barred.

Aybar "moves . . . for a sentence reduction due to ineffective assistance of counsel[,] health issues[,] and guideline errors due to ineffective assistance of counsel." (Doc. 1 at 1) Affording his motion a generous interpretation, Aybar seeks relief both under 28 U.S.C. § 2255 based on counsel's alleged ineffectiveness and under 28 U.S.C. § 3582 based on his failing health.

First, Aybar's earlier motion under Section 2255 was denied in 8:13-cv-343-T-23TGW and he cannot pursue a second or successive motion under Section 2255 without authorization from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The present request of relief based on the alleged ineffective assistance of counsel is, therefore, a second or successive action that is subject to specific restrictions because a district court lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court. *Burton v. Stewart*,

549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Second, Aybar fails to meet the requirements for an early release under Section 3582(c)(1) based on his declining health. The Director of the Bureau of Prisons must move to reduce Aybar's sentence under Section 3582(c)(1)(A) for entitlement to what is commonly called "compassionate release." *See Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 F. App'x 77, 79 (11th Cir. 2012) ("But under § 3582(c)(1)(A), a court cannot reduce a prisoner's sentence except 'upon [the] motion of the Director of the [BOP]' and a finding that 'extraordinary and compelling reasons warrant' a reduction. The plain meaning of this section requires a motion by the Director as a condition precedent to the district court before it can reduce a term of imprisonment," which the opinion characterizes as "compassionate release.") (brackets original). Aybar must pursue his claim for compassionate release within the prison system's administrative procedures.

\* \* \* \*

Generally, an applicant cannot appeal a district court's denial of relief under Section 2255 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains (in the context of an application for the writ of habeas corpus under Section 2254), a COA cannot issue in this action because the district

court cannot entertain the motion to vacate to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 F. App'x 739, 741 n.1 (11th Cir. 2014)[2] (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on April 25, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.